# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS,<br><br>        Plaintiff,<br><br>   v.<br><br>MAGEC METRO TACTICAL TEAM, et al.,<br><br>        Defendant.<br>_____/ | CASE NO.   1:11-cv-184-LJO-MJS<br><br>ORDER STAYING CASE PENDING RESOLUTION OF STATE COURT CRIMINAL PROCEEDINGS<br><br>PLAINTIFF TO FILE A STATUS UPDATE ON JUNE 30, 2011 AND EVERY NINETY DAYS THEREAFTER |

Plaintiff Phillip Sanders initiated this action by filing a pro se Complaint on February 9, 2011 accompanied by an application to proceed in forma pauperis. (ECF Nos. 1 & 2.) Plaintiff's Complaint is before the Court for screening.

I. **SCREENING REQUIREMENT**

The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusion are not.  Iqbal, 129 S.Ct. at 1949.

## II. FACTUAL ALLEGATIONS

Plaintiff's "Complaint" is four pages of rambling allegations against everyone associated with his August 2, 2010 arrest and subsequent prosecution.  Attached to the complaint are copies of various documents that appear to be police and court records.  The best the Court can discern, Plaintiff alleges the following:

On August 2, 2010, Defendant Kazarian performed a traffic stop of Plaintiff's vehicle because it had a light out.  After running Plainitff's license information through the system, police dispatch informed Kazarian that the license was suspended.  Plaintiff got out of his vehicle.[1]  Kazarian placed Plaintiff in handcuffs and performed a search of his person.  Karazian did not find any drugs on Plaintiff's body.  Karazian arrested Plaintiff for driving on a suspended license and undertook to have Plaintiff's car towed.

Defendant Gebhart performed an inventory search of Plaintiff's car in preparation for it being towed to the impound lot.  Gebhart found a white rock-like substance on the floor board of the car and concluded it was rock cocaine.  Plaintiff alleges that Gebhart planted the drugs in Plaintiff's car.  Plaintiff was arrested for possession of rock cocaine

---

[1] It is unclear whether Plaintiff requested to get out of the vehicle or Kazarain asked him to step out of the vehicle.  Plaintiff's allegations are not consistent on this point.  Plaintiff submitted a video purportedly of the arrest.  The Court considers the video to be evidence and has not viewed it.

in violation of "HS 11350(a)." (Compl. (ECF No. 1) p. 8.) Preliminary tests done on the substance found in Plaintiff's car were positive for cocaine base. (Id. at 9.) Plaintiff posted bond in the amount of $5582.00 on August 4, 2010. (Id. at 14.)

On August 11, 2010, the District Attorney's office filed a complaint against Plaintiff charging him with a felony violation of "11350(a) HS" and a misdemeanor violation of "14601.1(a). (Id. at 14.) Plaintiff was arraigned on these charges, appointed counsel, and released back on bond. (Id. at 15.)

Plaintiff filed the instant action on February 9, 2011.

Due to conflicts on the part of the public defender and two other appointed defense attorneys, it appears that Plaintiff's preliminary hearing had not yet been held in the state court criminal matter. (Id. at 21.) The prosecution of Plaintiff on the two state court charges appears to be ongoing.

## III. ANALYSIS

Plaintiff alleges that his rights under the Fourth, Eighth, and Fourteenth Amendments were violated. The Court presumes that Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

Though not explicitly stated, Plaintiff appears to bring claims for: (1) unlawful seizure without probable cause in violation of the Fourth Amendment; (2) unlawful search in violation of the Fourth Amendment; (3) due process violation based on the planting of evidence; (4) excessive bail in violation of the Eighth Amendment; (5) malicious prosecution; and (6) ineffective assistance of counsel in connection with his defense of the

pending charges.

The law is clear that, under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings. See Younger v. Harris, 401 U.S. 37, 43-54 (1971); Samuels v. Mackell, 401 U.S. 66, 68-74 (1971); Perez v. Ledesma, 401 U.S. 82, 83-85 (1971). This legal doctrine is commonly referred to as Younger abstention, and it requires a federal court to abstain from hearing a case when the following three factors are satisfied: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). All three elements of Younger must be present in order for abstention to be appropriate. See Agriesti v. MGM Grand Hotels, Inc., 53 F.3d 1000, 1001 (9th Cir. 1995).

In this case, it appears Plaintiff's state court prosecution is still active. As of at least January 2011, his preliminary hearing had not occurred. Nothing in the record suggests that Plaintiff entered a plea or was convicted after a trial on the pending charges. It appears that Plaintiff was out of custody when this case was filed on February 9, 2011. Accordingly, the Court assumes that Plaintiff is still in the middle of an active state court prosecution.[2] See Zallman v. Armstrong, 802 F.2d 199, 204 (6th Cir. 1986) ("proper time of reference for determining the applicability of Younger abstention doctrine is the time that the federal complaint is filed.").

Because Plaintiff is charged with violating two state criminal statutes, the pending

---

[2] If Plaintiff's state court criminal charges have been resolved, he should so notify the Court.

proceeding involves important state interests. See Younger, 401 U.S. at 51 (enforcement of state criminal statutes is an important state interest).

Finally, the Court is aware of no reason that Plaintiff could not challenge the constitutionality of the August 2, 2010 search and seizure during the pending state court action.

Accordingly, the Court finds that the three prongs of the Younger abstention doctrine are satisfied and that the Court is required to abstain from hearing this action until the state criminal proceedings are complete. Because Plaintiff seeks only monetary damages in this case, a stay is the appropriate course of action. See Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (though a court must dismiss an action that seeks declaratory or injunctive relief when Younger is implicated, when the only relief sought is monetary damages, "deference—rather than dismissal—is the proper restraint" and a stay is appropriate).

## IV.     **CONCLUSION AND ORDER**

For the reasons stated above, the instant action is STAYED pending resolution of the state court criminal charges against Plaintiff. Plaintiff is also ORDERED to file a status report with the Court not later than **June 30, 2011 and every ninety days thereafter** regarding the status of his criminal charges. If Plaintiff's criminal case is resolved prior to June 30, 2011, Plaintiff is ORDERED to notify the Court within **three (3) days** of the resolution.

IT IS SO ORDERED.

Dated:  April 1, 2011                         /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE