# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MAGEC METRO TACTICAL TEAM, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO.   1:11-cv-184-LJO-MJS<br><br>FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF PLAINTIFF'S COMPLAINT<br><br>(ECF No. 27)<br><br>FOURTEEN DAY DEADLINE |

Plaintiff Phillip Sanders initiated this action by filing on February 9, 2011, a pro se Complaint accompanied by an application to proceed in forma pauperis. (ECF Nos. 1 & 2.) The Court granted Plaintiff's motion to proceed in forma pauperis. (ECF No. 5.)

Plaintiff's state court prosecution, which arises out of the same factual situation giving rise to this action, is still active. Accordingly, the Court determined, pursuant to Younger v. Harris, 401 U.S. 37, 43-54 (1971), that it must abstain from acting in this case until the state court prosecution is resolved. (Order, ECF No. 7.) Therefore, the Court stayed this action pending resolution of the state court criminal charges against Plaintiff. The Court also ordered Plaintiff to file a report with the Court every ninety-days advising it of the status of the state court prosecution. (Order, ECF No. 7 at 5.)

Plaintiff failed to follow the Court's directive to file a status report every ninety-days.

-1-

Plaintiff did not file an initial report until the Court issued an Order to Show Cause regarding that failure. (ECF Nos. 14 & 16.) What he did then file restated, in only partially intelligible form, his claims in the case and did not appraise the Court of the status of his criminal case. (ECF No. 16.) Then, despite this Court's stay prohibiting further action in this case, Plaintiff filed a miscellaneous motion (ECF No. 15) and lodged an amended complaint (ECF No. 21). Plaintiff's later "status report" was not a status report, did not comply with the Court's directive to advise of the status of his state court prosecution, and instead repeated Plaintiff's broad claims. (ECF No. 22.) In response, the Court issued an order to Plaintiff to file a new status report by January 25, 2012. (Order, ECF No. 26.) In that Order, the Court struck Plaintiff's amended complaint and gave Plaintiff explicit instructions as to what was, and what was not, to be contained in his status reports: They were to be properly captioned and advise the Court whether the subject criminal charges were still pending against Plaintiff, whether the criminal trial had been scheduled and, if so, the scheduled trial date. (Id.) Plaintiff was told that the status reports were not to contain any additional information, and that violation of the Order would result in sanctions. (Id.)

Plaintiff has not complied with the Court's directive. On January 31, 2012, six days after he was to file a status report, he filed a document with the Court that again wholly disregarded the Court's instructions. (ECF No. 27.) Instead of simply providing an update on the status of the state criminal prosecution, Plaintiff provided a laundry list of alleged wrongs committed against him. (Id.) The document itself is eighteen pages long, and consists of a detailed description of his arrest, the procedural history of this action, the reasons for the delay in filing his status report, arguable requests that the Court reconsider its prior orders, a request for the District Judge to intervene, a request that he be allowed

to correct errors in his original Complaint, a request for financial assistance, requests for admissions, case law supporting his case, allegations of police racism, language regarding motions to suppress, a reference to a YouTube video of President Obama, language regarding his plans to seek asylum in other countries, allegations of judicial misconduct, and allegations of a conspiracy against him in this Court. (Id.) Plaintiff includes a short section on the status of his criminal case on page 8. (Id. at 8.) Lastly, Plaintiff includes what appears to be an amended complaint. (Id. at 12.)

Plaintiff's filing in no way complies with the Court's January 9, 2012, Order. Moreover, it is now clear to the Court that the Plaintiff either refuses to comply or is incapable of complying with the Court's orders. Accordingly, the Court recommends that Plaintiff's action be dismissed.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone

v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a Court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving litigation and the Court's interest in managing its docket weigh in favor of dismissal. In these respects, the Court simply can not, and should not, indulge this Plaintiff's blatant disregard of its orders; the Court can not continue to review and respond to Plaintiff's inappropriate filings and still timely address the vast caseload before it. The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, since a presumption of injury arises from delay in resolving an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Given Plaintiff's non-responsiveness to the Court's earlier orders and his pro se and in forma pauperis status, "less drastic alternatives" other than those taken to date (i.e., repeated orders to Plaintiff to comply) do not exist and the ultimate sanction of dismissal is warranted. Malone, 833 at 132-33. Here, after failing to comply with the Court's orders,

the Court gave Plaintiff another chance and explained clearly what was and was not to be included in his status reports. (ECF No. 25.)  The Court warned Plaintiff that sanctions would be imposed if Plaintiff failed to obey its Order. (Id.) Instead of obeying, Plaintiff filed, six days after the Court's deadline, an eighteen page document which so blatantly disregarded the Court's clear and simple directive as to demonstrate a complete unwillingness or inability to follow orders and rules necessary for the prosecution of an action. (ECF No. 27.) Plaintiff's continued willful violation of the Court's orders cannot be permitted to continue. No lesser sanction than dismissal is appropriate.

Accordingly, it is **RECOMMENDED** that this matter be **DISMISSED by the District Judge**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 14, 2012               /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE